IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MEILING Z. CAMACHO,**

**Plaintiff,**

**v.**                                              **CIVIL 11-1617 (GAG)**

**LEON PANETTA,**

**Defendant.**

**OPINION AND ORDER**

Meiling Camacho ("Plaintiff") brings this action against Leon Panetta ("Defendant") as Secretary of the Department of Defense for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, Section 501 of the Rehabilitation Act, as amended 29 U.S.C. §§ 791, *et seq.*, and Section 3(2) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, claiming she was discriminated by Defendant and unjustly terminated from her civilian position with the Army and Air Force Exchange Service ("AAFES"). Presently before the court is Defendant's motion to dismiss (Docket No. 11). The court has been briefed on this motion by both parties (Docket Nos. 11 & 17). After reviewing the parties' submissions and pertinent law, the court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss.

**I.    Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED.R.CIV.P 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662 (U.S. 2009). "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal,556 U.S. 662 (U.S. 2009) (quoting FED.R.CIV.P. 8(a)(2)).

## II.     Factual and Procedural Background

Plaintiff, who was a federal employee, filed two complaints with an Equal Employment Opportunity ("EEO") counselor. In her first complaint dated April 2, 2008, Plaintiff alleged discrimination based on sex, religion, and age. She claims to have been subjected to sexual harassment and workplace violence by co-worker Antonio González ("González"). (See Docket No. 11-2.) On April 20, 2010, Plaintiff initiated contact with the EEO office in her second complaint. (See Docket No. 11-7.) In this complaint, Plaintiff alleged discrimination and harassment based on religion, national origin , disability, as well as retaliation for her prior contact with the EEO. Plaintiff was terminated on July 23, 2009. (See Docket No. 11 p. 5 ¶ 2.) Plaintiff also alleged that since 2008 she has been subjected to sexual harassment and workplace violence by González. On July 2, 2010, Plaintiff received notice of the right to file a formal EEO complaint until July 17, 2010. Plaintiff filed her formal EEO complaint on July 25, 2010. (See Docket No. 11-8.) Defendant requests dismissal of this action due to Plaintiff's failure to exhaust administrative remedies because her EEO complaint was untimely. (See Docket No. 11 p. 6, ¶ B.)

Plaintiff filed a complaint with the EEO counselor of the Puerto Rico Distribution Center ("PRDC") at Fort Buchanan, Gabriel Sepúlveda ("Sepúlveda"), claiming violations of Title VII and complaining of sexual harassment. In her complaint to the EEO, Plaintiff explained that since January 2008, González was making unwanted religious and sexual related comments towards her. (See Docket No. 1 ¶ 17-f). Plaintiff also met alone with her superior, Angel Rivera, and told him the details of the religious and sexual incidents with González. (See Docket No. 1 ¶ 17-g.) No disciplinary action against Gonzalez was taken after this meeting, however, Gonzalez continued with his pattern of harassment. (See Docket No. 1 at ¶ 17-g.) For her first complaint, Sepulveda

commenced an investigation on these claims, on April 2, 2008, however, Sepulveda was sent to Afghanistan in 2009 before the investigation was completed. (See Docket No. 1 at ¶ 17-h.) Plaintiff reported another incident with Gonzalez to the Workmen's Compensation System as part of her complaint with the EEO. AAFES objected to Plaintiff's right to compensation and medical benefits under the Workers' Compensation Act for the foregoing incident and Plaintiff's treatment was denied. (See Docket No. 1 ¶ 17-i.)

On December 24, 2008, another incident occurred which ended up in Plaintiff's hospitalization. Plaintiff was released from the hospital on January 2, 2009, where she was instructed by her doctor that she could not return to work at PRDC for at least a year in order for her to recuperate. (See Docket No. 1 ¶ 25.) On May 22, 2009, Plaintiff received a letter dated May 1, 2009, from AAFES that indicated that she had been placed on Leave Without Pay ("LWOP"). (See Docket No. 1 ¶ 27.)

On June 9, 2009, Plaintiff sent an e-mail to Sepúlveda, inquiring how she could obtain from EEO right to sue authorization. Sepúlveda told Plaintiff in an e-mail that when the EEO concluded its investigation and decided wether to prosecute a case, Plaintiff may obtain the right to sue authorization. Plaintiff answered with an e-mail stating the she had not received any acknowledgment regarding a formal complaint although she had requested one in 2008. (See Docket No. 1 ¶ 28.)

On June 9, 2009, Plaintiff sent an e-mail to Ruth Stokes, Director of Human Resources, with copies to her superior Angel Rivera, her Lead Logistics Manager Glenda Santiago, and Sharon Caldwell stating that she had been sending medical certifications since the year 2008 regarding her disability and that since 2008 she kept up to date with all necessary documentation and approvals for her absence due to her disability. Plaintiff also stated in that e-mail that she did not know how long the doctor would keep her under disabled status.

On June 10, 2009, Sharon Caldwell sent an e-mail to Plaintiff asking Plaintiff to provide additional medical certificates if she needed to be excused from work starting June 15, 2009 and

3

stating that the current medical certificate on file was dated March 5, 2009 excusing Plaintiff from work until June 15, 2009. (See Docket No. 1 ¶ 31.)

On June 11, 2009, Plaintiff obtained a medical certificate which stated that she could not work because Plaintiff needed to rest until August 15, 2009. (See Docket No. 1 ¶ 32.) On August 4, 2009, Plaintiff obtained another medical certificate extending her medical leave of absence to November 2, 2009, which she forwarded by e-mail to Human Resources Department (See Docket No. 1 ¶ 33.)

In September 2009, Plaintiff received a letter dated July 23, 2009 from Defendant stating that she was fired from her job at the PRDC. The letter stated that Plaintiff was fired because she was not at work and failed to provide updated medical documents by her physician, and that she abandoned her position, effective July 23, 2009. (See Docket No. 1 ¶ 34.)

Plaintiff claims she would have taken action, but suffered from depression, insomnia and lost humor. (See Docket No. 1 ¶ 37.)

On July 25, 2010, Plaintiff filed a formal complaint of discrimination, based on religion, national origin, disability, and retaliation with the EEO, citing specific incidents as early as December 2008 and continuing through July 23, 2009, the date of her termination. (See Docket No. 1 ¶ 44.) Plaintiff claims she was unable to file a formal complaint prior to July 25, 2010 due to her health and disabilities. (See Docket No. 1 ¶ 44.) On September 14, 2010, AAFES issued a final decision dismissing the formal complaint because she did not make timely contact with an EEO counselor. (See Docket No. 1 ¶ 45.) Plaintiff previously filed Agency Case 08.066 with the EEO concerning incidents of sexual harassment and workplace violence on April 2, 2008. (See Docket No. 1 ¶ 45.) Plaintiff filed an appeal with the Equal Employment Opportunity Commission ("EEOC") arguing that she was mentally incapacitated during the relevant time period as to enable her to make a timely contact with an EEO counselor. (See Docket No. 1 ¶ 46.) On March 30, 2011, the EEOC affirmed the AAFES decision and sent a letter to Plaintiff informing that she has the right to file a Civil Action within 90 days from her receipt of the decision. Plaintiff received the decision

through the mail on or about April 5, 2011. (See Docket No. 1 ¶ 47.) On June 28, 2011, Plaintiff filed her district court complaint. (See Docket No. 1)

## III. Discussion

### A. Title VII claims

Pursuant to 29 C. F. R. § 1614.105 (a)(1), when filing an action based on Title VII, aggrieved employees must bring the discriminatory events to the attention of an Equal Employment Opportunity ("EEO") counselor "within 45 days of the date of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the action." Defendant argues that Plaintiff failed to meet this statutory deadline in bringing his discriminatory claim to the attention of the EEO counselor.

#### 1. Administrative Proceedings

Pursuant to EEOC regulations, "each agency shall maintain a continuing affirmative program to promote equal opportunity and to identify and eliminate discriminatory practices and policies." See 29 C.F.R. § 1614.102(a). An aggrieved person must consult an EEO counselor prior to filing a complaint in order to attempt to informally resolve the matter. See 29 C.F.R. § 1614.105(a). In addition, contact with an EEO counselor must be made within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of a personnel action. 29 C.F.R. § 1614.105(a)(1). In addition, the Title VII administrative process begins with the filing of an administrative charge before the EEO. See 42 U.S.C. § 2000e-16(c). The formal charge must be filed within fifteen days of the complainants receipt of a Notice of Right to File a Discrimination Complaint "NORF" from the agency.  Moreover, 29 C.F.R. § 1614.107(a)(2) indicates that an agency shall dismiss a complaint or a portion of a complaint that fails to comply with the applicable time limits. Failure to contact the counselor within the 45-day term provided by the regulations causes plaintiff to lose his right to subsequently bring suit in court. Velazquez-Rivera v. Danzig, 234 F.3d 790, 794 (1st Cir. 2000) (administrative remedies not exhausted since no contact with EEOC counselor within the 45 days required by the regulations).

In this case Plaintiff failed to comply with the applicable time limits set forth in 29 C.F.R. § 614.105.

Regarding Plaintiff's first EEO claim, she had received the NORF. (See Docket No. 11-3.) Plaintiff had 45 days after receipt of the NORF, that is, until May 23, 2008 to file a timely complaint. However, Plaintiff filed her formal complaint on July 21, 2008, 59 days after her due date to timely file the complaint. (See Docket No. 11-8.)

As to her second EEO claim, Plaintiff had 45 days from July 23, 2009, the date of the allegedly discriminatory termination to file a formal complaint. Plaintiff's initial contact with an EEO counselor was on April 20, 2010. It was not until 271 days after Plaintiff's deadline to file a formal complaint, well beyond 45 days from the date of the allegedly discriminatory termination of her employment, that Plaintiff initiated contact with EEO counselor Sepulveda. There is no evidence in the record that Plaintiff was granted an extension of any time limits pursuant to 29 C.F.R. § 1614.604(c) which might waive, stop or toll the requirement contacting an EEO counselor within 45 days. As to the matter of both her first and second EEO claims, she failed to exhaust her administrative remedies.

Plaintiff failed to comply with the administrative requirements for pursuing her claims at the agency level on two different occasions. Thus, Plaintiff has failed to exhaust her remedies, effectively barring the court's jurisdiction on the matter at hand. Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII claim.

**B.    Americans with Disabilities Act**

The ADA prohibits discrimination against and otherwise qualified individual based on disability. 42 U.S.C. § 12112(a); Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). Claims of employment discrimination arising under the ADA are subject to the same remedies and procedures as those under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); 42 U.S.C. § 12117(a) ("ADA"). Under Title VII, a federal employee must exhaust her administrative remedies before initiation a complaint of discrimination in federal court.

See 42 U.S.C. § 2000e–16(c). The same is true for claims under the ADA. See Roman-Martinez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996). Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiff's ADA claim.

**C.    Rehabilitation Act**

The court notes that under the Rehabilitation Act, 29 U.S.C. § 791, exhaustion is not required. |See Brennan v. King, 139 F.3d 258 n.12 (1st Cir. 1998)|. Unlike the ADA, the Rehabilitation Act does not require exhaustion. The Rehabilitation Act derives its procedural requirements from Title VI, which does not have an exhaustion requirement. See Cook v. Rhode Island Dep't of Mental Health, Retardation, and Hosps., 783 F. Supp. 1569, 1572 (D.R.I. 1992), *aff'd*, 10 F.3d 17 (1st Cir. 1993). Accordingly, to the extent that exhaustion is relevant, it does not bear Plaintiff's claim under the Rehabilitation Act. Accordingly, the court **DENIES** Defendant's motion to dismiss on Plaintiff's Rehabilitation Act claim without prejudice.

**IV.    Conclusion**

For the reasons set forth above, the court **GRANTS** in part and **DENIES** in part Defendant's motion for dismissal (Docket No. 11). The court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII and ADA claims. The court **DENIES** Defendant's motion to dismiss Plaintiff's Rehabilitation Act claim. Defendant, however, may move to dismiss the Rehabilitation Act claim on its merits on or before January 30, 2012.

**SO ORDERED.**
   In San Juan, Puerto Rico this 4th day of January 2012.

                                        S/Gustavo A. Gelpí
                                        GUSTAVO A. GELPI
                                        United States District Judge